# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 13, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DALTON TRUAX, III, | * | UNPUBLISHED |
| Petitioner, | * | No. 15-1099V |
| v. | * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; Special Master's Discretion |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Jessica Wittmer Hayes, Murray Law Firm, New Orleans, LA, for petitioner.
Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 3, 2015, Dalton Truax, III ("petitioner") filed a claim in the National Vaccine Injury Compensation Program,[2] alleging that he developed Guillain-Barré Syndrome ("GBS") as a result of receiving a tetanus-diphtheria vaccine on or about September 16, 2012. Petition at 1. On July 27, 2017, I issued a decision awarding petitioner compensation based on the parties' stipulation. ECF No. 47.

On January 29, 2018, petitioner filed a motion for attorneys' fees and costs ("Motion"). ECF No. 52. Petitioner requests a total of $22,770.00 as reimbursement for attorneys' fees and $1,679.11 as reimbursement for costs. Motion at 1-2. Thus, petitioner requests a total of $24,449.11 as reimbursement for attorneys' fees and costs. Id. In accordance with General Order #9, petitioner's counsel filed a statement representing that petitioner has not incurred any costs in pursuit of this claim. ECF No. 53.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On February 6, 2018, respondent filed a response to petitioner's motion ("Response"). ECF No. 54. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

The hourly rate requested by petitioner's counsel is well within the range of hourly rates I found reasonable for an attorney of her experience in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), and I have previously found her requested hourly rate to be reasonable. *Estate of Joiner v. Sec'y of Health & Human Servs.,* No. 14-211V, 2017 WL 3597932 (Fed. Cl. Spec. Mstr. June 1, 2016). I again find the hourly rate of $275.00 per hour requested by petitioner's counsel to be reasonable and award it in full.

I have reviewed the billing records and invoices submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. The expenses incurred are well-documented and based on my experience they appear reasonable. I find no cause to adjust the time expended or the costs. Thus, the requested attorneys' fees and costs are awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

1) **A lump sum in the amount of $24,449.11, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Jessica Hayes, of Murray Law Firm.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

                                                **s/Thomas L. Gowen**
                                                   Thomas L. Gowen
                                                   Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.